IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                      Criminal Action No. 5:06CR27

RICARDO M. SUGGS,

    Defendant.

**REPORT AND RECOMMENDATION
RE: MOTION TO SUPPRESS**

I. Introduction

    A.    Background.

Defendant is the only Defendant in a one count indictment charging felon in possession of a firearm.

    B.    The Motion.

        1.    Motion to Suppress[1].

Defendant seeks to suppress the firearms seized by Weirton, West Virginia, police March 1, 2006.

    C.    Recommendation.

I recommend the evidence seized pursuant to the warrantless search not be suppressed because the search was incident to a lawful arrest and the search was after probable cause that drugs were present and the vehicle was readily mobile.

---

[1] Doc. No. 17.

II. Facts

Officer Falbo and Sgt. Marshall of the Weirton, West Virginia Police Department were sitting in separate cruisers and talking at 3:30 a.m. March 1, 2006 at a bank lot on Three Springs Drive, Weirton, West Virginia. Officer Falbo observed a white car drive by at a high rate of speed in a 25 mph zone. Officer Falbo immediately suspected the driver of the white car of d.u.i. The car made a right turn at a fast speed into the Amerihost Hotel parking lot without making a signal. Officer Falbo pursued the white vehicle and turned on the cruisers emergency lights as he turned into the Amerihost parking lot. The white car increased its speed but then had to stop because there was no way to exit in the direction the white car was heading. Officer Falbo pulled up to the rear of the white car.

Sgt. Marshall turned his cruiser around and followed Officer Falbo. Sgt. Marshall saw the white car traveling at a high rate of speed in the Amerihost Hotel parking lot. Sgt. Marshall pulled next to the driver's side of the white car. Both officers saw the driver reaching in his pockets and around the floor area of both the driver and passenger seats. The driver was repeatedly ordered to put his hands on the steering wheel which he finally did. Sgt. Marshall took the driver out of the car and gave him to Officer Falbo who began a field sobriety test. The driver had slurred speech and difficulty standing. Sgt. Marshall then had the certified drug dog in his cruiser walk the perimeter of the car. The dog "alerted" twice, once on each side of the car. Sgt. Marshall returned the drug dog to the cruiser. Then Sgt. Marshall opened the driver's door and saw what appeared to be the butt of a gun under the driver's seat. Sgt. Marshall reached under the seat and pulled out a gun. Sgt. Marshall yelled "gun" and the driver was cuffed and placed in Officer Falbo's cruiser. Officer

2

Falbo intended to arrest the driver for d.u.i. Thereafter, Officers Baker and Bish arrived at the scene and searched the car. They found two bags of cocaine, two bags of marijuana, and another gun.

Defendant was the driver of the white vehicle.

### III. The Motion to Suppress

A. Contentions of the Parties.

Defendant contends the police officers lacked probable cause as well as a reasonable, articulable suspicion to initiate a traffic stop of Defendant's vehicle, search the vehicle and seize the firearms.

The Government contends the stop of Defendant's car was justified and the search of the Defendant's car was reasonable.

B. Discussion.

Usually, a vehicle stop is only permitted upon a reasonable and articulable suspicion of unlawful conduct. United States v. Arizona 544 U.S. 266 273-75 (2002). Here, the speeding and erratic driving (right turn going too fast) gave the officers a reasonable suspicion of unlawful conduct (driving under the influence) under the totality of the circumstances. United States v. Crittenton, 883 F.2d 326, 328 (4th Cir. 1989).

The request for the Defendant to exit the car is permissible and is not an unreasonable search or seizure. Ohio v. Robinette, 519 U.S. 33, 38-39 (1996).

When the drug dog "alerted" twice on the vehicle, there was a reasonable suspicion that drugs were present. This reasonable suspicion was the basis for a warrantless search of the vehicle because it was readily mobile and there was probable cause it contained contraband. Maryland v. Dyson 527 U.S. 465, 466 (1989). Further, Defendant was being arrested and a

warrantless search of the vehicle was permissible incident to arrest without further showing of probable cause. Thornton v. United States, 541 U.S. 615, 621-24 (2004).

    C.    Recommendation.

I recommend the evidence seized pursuant to the warrantless search not be suppressed because the search was incident to a lawful arrest and the search was after probable cause that drugs were present and the vehicle was readily mobile.

Any party who appears pro se and any counsel of record, as applicable, may have until **5:00 p.m., Friday, July 21, 2006,** to file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: July 17, 2006

    /s/ James E. Seibert
    JAMES E. SEIBERT
    UNITED STATES MAGISTRATE JUDGE