IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Criminal Action No. 5:06CR27
                                         (STAMP)

RICARDO M. SUGGS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION**

I.   Procedural History

On June 6, 2006, Ricardo M. Suggs ("Suggs") was named in a one-count indictment charging him with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On July 3, 2006, Suggs filed a motion to suppress firearms seized on March 1, 2006 by the Weirton, West Virginia Police Department, to which the government responded.

On July 17, 2006, United States Magistrate Judge James E. Seibert filed a report recommending that the defendant's motion to suppress be denied. Magistrate Judge Seibert informed the parties that if they objected to any portion of this report, they must file written objections by July 21, 2006. To date, no objections have been filed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to

file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

On March 1, 2006, Officer Steve Falbo ("Falbo") and Sergeant Bruce Marshall ("Marshall") of the Weirton, West Virginia Police Department were sitting in separate cruisers at the Hancock County Savings Bank lot on Three Springs Drive, Weirton, West Virginia.[1] Officer Falbo observed a white vehicle traveling at a high rate of speed. The vehicle then, without signaling, made an abrupt right turn onto Amerihost Drive. Officer Falbo suspected that the driver of the white car was driving under the influence. When the vehicle made a turn onto Amerihost Drive, Officer Falbo and Sergeant Marshall pursued it. Officer Falbo turned on his cruiser emergency lights as he turned onto Amerihost Drive. Officer Falbo states that the vehicle increased its speed but then slowed down and turned into the hotel parking lot. Officer Falbo pulled along side

---

[1]The cruisers were beside each other, but facing in opposite directions.

2

the rear of the vehicle and Sergeant Marshall pulled to the left-hand side near the vehicle's driver's side door. Both officers saw the driver reaching in his pockets and around the floor area of both the driver and passenger seats. The driver was repeated told to: "Put your hands on the dashboard." (Hr'g Tr. 7, 23, July 12, 2006.) Sergeant Marshall removed the driver from the vehicle.

After the driver was removed from the vehicle, Officer Falbo began a sobriety field test. Officer Falbo found that the driver had slurred speech and difficulty standing. While Officer Falbo was conducting the sobriety field test, Sergeant Marshall retrieved his certified drug canine from his cruiser and walked the perimeter of the vehicle. The canine "indicated" on the outside of the vehicle. (Hr'g Tr. 20.) Then, Sergeant Marshall returned the canine to his cruiser and proceeded back to the vehicle to look inside the vehicle. As Sergeant Marshall was looking on the driver's side of the car, he saw what appeared to be the bottom back strap but of a handgun. At that time, Sergeant Marshall reached inside the car and removed a .22 caliber handgun. Sergeant Marshall yelled "gun" and the driver was cuffed and placed in a cruiser by Officer Falbo. Officer Falbo intended to arrest the driver for a driving under the influence offense. Finally, Officers Baker and Bish arrived at the hotel parking lot and searched the vehicle. The officers found two bags of cocaine, two

bags of marijuana and another gun. The defendant, Suggs, was identified as the driver of the white vehicle.

### III. Discussion

The magistrate judge found that the "speeding and erratic driving (right turn going too fast)" provided the officers a reasonable suspicion of unlawful conduct, specifically that the driver was intoxicated. See United States v. Crittendon, 883 F.2d 326, 328 (4th Cir. 1989); United States v. Arvizu, 534 U.S. 266, 273-74 (2002)(typically, a vehicle stop is only permitted upon a reasonable and articulable suspicion of unlawful conduct.)

Further, the magistrate judge found that pursuant to Ohio v. Robinette, 519 U.S. 33, 39-8 (1996), the officers' request for the defendant to exit the vehicle is not an unreasonable search or seizure.

After the defendant exited his vehicle, Sergeant Marshall retrieved his certified drug canine from his cruiser and walked the perimeter of the defendant's vehicle. The canine "indicated" while walking the perimeter which alerted Sergeant Marshall that there was a strong possibility that narcotics were in the vehicle. Based upon the actions of the driver and the drug canine, the magistrate judge found that reasonable suspicion existed to search the vehicle for contraband. See United States v. Cortez, 449 U.S. 411, 417 (1981)(a seizure or search based on probable cause is evaluated on "the totality of the circumstances"). The reasonable suspicion was

the basis for a warrantless search of the defendant's vehicle because the vehicle was readily mobile and there was probable cause that it contained contraband. Maryland v. Dyson, 527 U.S. 465, 466 (1999).

In addition, the defendant was being arrested and a warrantless search of the vehicle was permissible incident to arrest without a further showing of probable cause. See Thorton v. United States, 541 U.S. 615, 621 (2004).

The magistrate judge correctly recommended that the evidence seized pursuant to the warrantless search should not be suppressed because the search was incident to a lawful arrest and the search was performed after the officers had probable cause that drugs were present. Accordingly, this Court finds that the defendant's motion to suppress must be DENIED.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     July 25, 2006

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE