IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Criminal Action No. 5:06CR27
                                          (STAMP)
RICARDO M. SUGGS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION**

        I.    Procedural History

On June 6, 2006, the defendant, Ricardo M. Suggs, was named in a one-count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On July 3, 2006, the defendant filed a motion to suppress firearms seized on March 1, 2006 by the Weirton, West Virginia Police Department, to which the government responded. On July 25, 2006, this Court entered a memorandum opinion and order affirming and adopting the United States Magistrate Judge James E. Seibert's report and recommendation denying the defendant's motion to suppress.

On August 2, 2006, the defendant was named in a four-count superseding indictment charging him with being a felon in possession of a firearm, "tampering with a witness - intent to kill," "tampering with a witness - use of force" and "tampering with a witness - corruptly persuade." (Superseding Indictment,

Counts One - Four.) On August 31, 2006, the defendant filed a second motion to suppress, to which the government responded. The defendant seeks the suppression of all statements made by the defendant to federal agents and any other law enforcement officials after the "shooting incident involving Timothy O. Sears on July 21, 2006." (Def.'s Second Mot. to Suppress at 3.)

On September 15, 2006, Magistrate Judge Seibert filed a report recommending that the defendant's second motion to suppress be denied because the "Sixth Amendment right to counsel only attaches to charged offenses and there is no Fifth Amendment right for counsel representing a defendant on other charges to be informed prior to the defendant's interrogation on different charges." (Report and Recommendation at 4.) Magistrate Judge Seibert informed the parties that if they objected to any portion of this report, they must file written objections by September 15, 2006. To date, no objections have been filed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44,

2

47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

The defendant was named in a one-count indictment filed on May 22, 2006. Pursuant to the scheduling order established, the defendant's trial was scheduled for July 25, 2006. On July 21, 2006, Timothy O. Sears ("Sears"), a witness who was on the United States's witness list and expected to testify at the defendant's trial, and Sears's mother, Rhonda West ("West"), were shot in their home. Sears and West informed the Steubenville police department that they were shot by the defendant. Special Agent Joe Price ("Agent Price") informed Scott Brown ("Brown"), the defendant's counsel on the one-count indictment charge, that the authorities were searching for the defendant. Agent Price asked Attorney Brown if he could speak to the defendant about the shooting. Attorney Brown stated that he needed to think about the situation and asked Agent Price to telephone him before the agent spoke with the defendant. The defendant was subsequently arrested. Agent Price did not contact Attorney Brown. Instead, the defendant was interviewed, without counsel present, about the shooting incident first by the City of Steubenville, Ohio police officers and then by agents from the Bureau of Alcohol, Tobacco and Firearm ("ATF"). The interview by the ATF agents was recorded.

The defendant's second motion to suppress seeks to suppress the statements made by the defendant to the ATF agents, as well as the statements made by the defendant to the Steubenville police officers. The record indicates that the defendant signed a waiver of his <u>Miranda</u> rights prior to being interviewed by both the ATF agents and the Steubenville police officers. <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

The magistrate judge held a hearing on September 13, 2006 regarding the plaintiff's second motion to suppress. At the hearing, no testimony or further evidence was presented because counsel for the parties contended that this matter is a question of law.

## III. <u>Discussion</u>

The magistrate judge found that the Sixth Amendment right to counsel does not apply to this criminal action. The magistrate judge cites <u>Texas v. Cobb</u>, 532 U.S. 162, 167 (2001), for the proposition that the Sixth Amendment right to counsel only attaches to charged offenses. At the time the interview took place, no charges had been filed against the defendant for tampering with a witness. At the time of the interview, the defendant did not have an attorney appointed to represent him on any charges of tampering with a witness. The Sixth Amendment right to counsel only encompasses charges, even if not formally charged, that would be considered the same offense under the <u>Blockburger</u> double jeopardy

4

test. Id. at 173. An offense is considered the same under the Blockburger test if the two crimes have the same elements. Blockburger v. United States, 284 U.S. 299 (1932). In this criminal action, the felon in possession charge does not have the same elements as any of the tampering with a witness charges. Thus, the magistrate judge correctly found that the defendant does not have a Sixth Amendment right to counsel in this criminal action.

The magistrate judge then found that there was no Fifth Amendment violation. At the hearing, the defendant raised a Fifth Amendment issue stating that once Agent Price spoke with Attorney Brown, the ATF agents were barred from talking with the defendant and any subsequent statements by the defendant must be suppressed. The Supreme Court in Morgan v. Burbine, 475 U.S. 412 (1986), held that failure of the police to inform the defendant that his sister had hired counsel for him prior to the interrogation did not require the defendant's confession to be suppressed. In this criminal action, Attorney Brown advised Agent Price that he wished to be informed of any interview and/or interrogation, prior to the actual interrogation. Pursuant to Morgan, the fact that Agent Price did not contact Attorney Brown prior to the actual interrogation does not require the defendant's statements to the ATF agents to be suppressed. Thus, the magistrate judge correctly

found that the statements by the defendant, in the interview is not a Fifth Amendment violation.

The magistrate judge correctly recommended that the defendant's second motion to suppress should be denied because there was no Sixth Amendment right to counsel and there was no Fifth Amendment violation. For the reasons stated above, this Court finds that the defendant's second motion to suppress must be DENIED.

IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: October 30, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE