IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Criminal Action No. 5:06CR27
                                                          (STAMP)
RICARDO M. SUGGS, JR.,

        Defendant.


### MEMORANDUM OPINION AND ORDER
### CONFIRMING PRONOUNCED ORDER OF THE COURT
### REGARDING MOTIONS IN LIMINE

On July 18, 2006, the defendant filed a motion in limine to

exclude other evidence seized from the search of a motor vehicle.

On July 19, 2006, the United States filed a pretrial memorandum as

to Rule 404(b)/<u>Kennedy</u> evidence, to which the defendant responded

in opposition on November 3, 2006.  <u>United States v. Kennedy</u>, 32

F.3d 876, 885-86 (4th Cir. 1994).  On July 25, 2006, the United

States filed a pretrial memorandum as to evidence of consciousness

of guilt, to which the defendant responded in opposition on

November 3, 2006.  Finally, on November 3, 2006, the defendant

filed a motion in limine to exclude certain statements made by the

defendant and the government filed a motion in limine as to the

admissibility of certain statements of the defendant.

On November 6, 2006, this Court held a hearing on these

motions.  After considering the parties' argument and responses

thereto, this Court pronounced that the defendant's motion in

limine to exclude other evidence seized from the search of the

motor vehicle is denied, the government's pre-trial memorandum on

consciousness of guilt is admissible and the government's oral motion to use the testimony of Mr. Jamol R. Alexander is granted. On November 8, 2006, during the course of the trial on Count One, this Court pronounced that the defendant's motion in limine to exclude certain statements made by the defendant is granted. This order confirms the pronounced orders of this Court and explains the reasons for these conclusions.

1.  <u>Defendant's Motion in Limine to Exclude Other Evidence Seized from the Search of the Motor Vehicle</u> -- DENIED.

The defendant moved to preclude the government from introducing any evidence at trial that was seized during the search of the motor vehicle driven by the defendant on March 1, 2006 and the subsequent investigation, except for the firearm specifically referenced in the indictment in this criminal action. This Court noted at the hearing that this motion in limine would be in effect raising issues under the Federal Rules of Evidence 404(b) and 403. In connection with those issues under Rule 404(b) and Rule 403, the United States filed a pretrial memorandum as to Rule 404 and <u>Kennedy</u> evidence, to which the defendant has responded.

The government argued that the drug evidence found in the car and on the defendant's person is admissible under <u>United States v. Kennedy</u>, 32 F.3d 876, 885-86 (4th Cir. 1994). Further, the government asserted that this drug evidence is admissible under Rule 404(b) because the evidence is necessary, relevant, reliable and survives the Rule 403 balancing test.

At the hearing, this Court ruled that the drug and other firearms are admissible as evidence under Rule 404(b) and <u>Kennedy</u>. <u>Id.</u> First, this Court found that the evidence of the other gun and the narcotics is necessary in the sense that it is probative of an essential claim of an element of the offense, namely the possession of the firearm. Second, this Court found that the evidence is relevant to the issue of the possession of a firearm as charged in this action. Third, there is no dispute that the evidence is reliable and this Court found that the evidence is reliable. Fourth, this Court found that the probative value is not substantially outweighed by confusion or unfair prejudice because it does not subordinate reason to emotion of the fact-finding process.

Further, this Court noted that this case is not similar to <u>United States v. Hernandez,</u> 975 F.2d 1035 (4th Cir. 1992), in which the court excluded evidence of a cocaine recipe because the testimony was not relevant to the defendant's conduct or mental state during the course of the alleged conspiracy. Rather, this Court found that the evidence seized from the search of the motor vehicle in this criminal action shows motive, knowledge, and lack of mistake as to the knowing possession of the firearm.

This Court then found that the use of the other firearm would be relevant to show the possession of the firearm, and thus is admissible. Further, this Court found that the drugs confiscated from the defendant are admissible. Courts often admit evidence of

prior narcotic sales as being inextricably intertwined with the crime of being a felon in possession of a firearm to prove knowing possession of a firearm.  See United States v. Carrasco, 257 F.3d 1045, 1048-49 (9th Cir. 2001).  This Court found that there should be no distinction between possession of drugs, which the defendant is charged with in state court, from possession with intent distribute or distribution, which the defendant was charged with in Carrasco.  Id.  This Court found that the crime of possession of drugs and the crime of possession with intent to distribute are both drug crimes and there is no way to distinguish between whether the drugs will be used for distribution or for personal use.

Finally, this Court found that the evidence referenced above is admissible under Kennedy because it is necessary to complete the story of the crime on trial.  United States v. Kennedy, 32 F.3d at 885-86.  Accordingly, this Court found that the defendant's motion in limine to exclude other evidence is DENIED.

2.   Government's Pretrial Memorandum on Consciousness of Guilt -- ADMISSIBLE.  Government's Oral Motion to Use Testimony from Mr. Alexander -- GRANTED.

In its pretrial memorandum on consciousness of guilt, the government argued that evidence of witness intimidation is admissible to prove consciousness of guilt and criminal intent under Rule 404(b) if the evidence is related to the offense charged and is reliable.  Specifically, the government sought to introduce evidence of the shooting of Timothy O. Sears and his mother, Rhonda

West, on July 21, 2006 for the purpose of showing consciousness of guilt on behalf of the defendant with respect to the government's prosecution of Count One, felon in possession. In response, the defendant argued that the evidence that the government seeks to introduce regarding the shooting of Timothy O. Sears and Rhonda West should be excluded from trial as to Count One because the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to the defendant.

At the hearing on November 6, 2006, the government further stated that it would be using testimony from a witness, Mr. Alexander, that the defendant told Mr. Alexander that he had to "get rid of this person because he was looking at this time and this person was going to take him away from his babies." (Tr. Nov. 6, 2006 at 18 lines 1-3.) The government argued that the witness's testimony regarding the shooting is not prejudicial because its probative value outweighs any unfair prejudice that may occur to the defendant.

This Court found that the evidence to attempt to influence or prevent the testimony of the witnesses, Timothy O. Sears and Rhonda West, is admissible to show consciousness of guilt. This Court further found that the testimony from Mr. Alexander is admissible. Specifically, this Court found that the evidence is relevant under Rule 401 and it is not so unfairly prejudicial under Rule 403 that the testimony of Mr. Alexander should be excluded.

Accordingly, this Court found that the evidence as to consciousness of guilt is admissible and the government's oral motion to use the testimony of Mr. Alexander is hereby GRANTED.

3. <u>Defendant's Motion in Limine to Exclude Certain Statements Made by the Defendant</u> -- GRANTED.

In the defendant's motion in limine to exclude certain statements made by the defendant, the defendant requested that this Court suppress the statement that the defendant made in an interview to the detectives and Bureau of Alcohol, Tobacco and Firearms ("ATF") agents on July 21, 2006. Defendant's counsel on Count One had requested permission from ATF Agent Price to attend any interviews conducted by any of the ATF Agents. However, defendant's counsel was never notified of the interviews nor was the defendant ever informed that his attorney requested permission to attend the interview. At the interview, the defendant stated to detectives and ATF agents that he had no motive to shoot the witness because he intended to plead guilty to Count One. The defendant argued that this statement concerns the action in Count One, in which the defendant was already appointed legal counsel, and thus is inadmissible regarding Count One.[1]

---

[1]Magistrate Judge Seibert and the undersigned judge have previously entered orders finding that the entire interview between the defendant and the detectives and ATF agents should not be suppressed. The issue in the defendant's current motion concerns specific statements from the conversation, which was not addressed in the previous orders by this Court and the magistrate judge.

Count One had been severed by this Court from Counts Two, Three and Four for trial purposes on November 3, 2006. Based upon the severance of Count One from the other counts, the defendant asserted that the statement that the defendant was going to plead guilty to Count One should be suppressed with respect to the trial on Count One. In response, the government asserted that the defendant's statements should be admissible because the defendant volunteered this information and it was the subject of the July 21, 2006 interview.

This Court found that the defendant's statement that he had no motive to shoot the witness because he was going to pled guilty to Count One is suppressed. Further, this Court noted that the magistrate judge's report and recommendation and this Court's order adopting and affirming the magistrate judge's report and recommendation are not affected by this order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:     January 5, 2007


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE