IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                      Criminal Action No. 5:06CR27
                                     (STAMP)
RICARDO M. SUGGS, JR.,

       Defendant.

## MEMORANDUM OPINION AND ORDER
### CONFIRMING PRONOUNCED ORDER OF THE COURT
### REGARDING DEFENDANT'S MOTION IN LIMINE
### TO EXCLUDE CERTAIN EXHIBITS

On December 26, 2006, the defendant, Ricardo M. Suggs, Jr., filed a motion in limine to exclude certain exhibits, to which the government responded.

After considering the defendant's argument and the government's response thereto, this Court pronounced, during the trial, that the defendant's motion in limine to exclude certain exhibits is denied because the 9-1-1 recording of the telephone call from Rhonda West ("West") and photographs of the July 21, 2006 "shooting scene" are admissible. This order confirms the pronounced of this Court and further explains the reasons for its conclusion.

Defendant's Motion in Limine to Exclude Certain Exhibits -- DENIED.

The defendant moved to exclude the government from displaying, playing or introducing into evidence the 9-1-1 recording of the telephone call from the victim, West, and photographs of the July 21, 2006 "shooting scene," Exhibit No. 12 of the government's

amended exhibit list. In response, the government argues that the recording of the 9-1-1 telephone call from West is admissible under one or more of the exceptions to the hearsay rule under the Federal Rules of Evidence. Specifically, the government argues that the 9-1-1 recording of the telephone call from West is a business record under Federal Rule of Evidence 803(6) and that the statements by West included therein are admissible as a present sense impression or as an excited utterance under Federal Rules of Evidence 803(1) and 803(2).

At the trial, this Court found that the 9-1-1 telephone call is admissible as a business record under Rule 803(6), as an excited utterance under Rule 803(2) as a present sense impression under Rule 803(1) and as a public record under Rule 803(8)(B). While several cases have dealt with 9-1-1 telephone calls, the most analogous situation was in <u>United States v. Hawkins</u>, 59 F.3d 723, 730 (8th Cir. 1995), in which the Eighth Circuit held that the tape of the defendant's wife's emergency 9-1-1 telephone call was a "present sense impression" under Rule 803(1). However, because the Eighth Circuit, in <u>Hawkins</u> found that telephone call was admissible under Rule 803(1), the court concluded that it did not need to

address the district court's determination that the 9-1-1 tape was also admissible under Rules 803(2)[1] and 803(8)(B).[2] Id.

As pronounced during the trial, this Court found that the evidence of the 9-1-1 recording of the telephone call and the photographs described above is admissible under the present sense impression under Rule 803(1). Id. This Court also found that the evidence is admissible as a business record under Rule 803(6), an excited utterance under Rule 803(3) and a public record under Rule 803(8)(B). Accordingly, this Court pronounced that the defendant's motion in limine to exclude certain exhibits is hereby DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED:       February 14, 2007


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE

---

[1]Under Rule 803(2), a declarant's hearsay statement in reaction to a startling extreme stimulus is admissible where the statement relates to the external event and is uttered under the stress of excitement occasioned by the event.

[2]Under Rule 803(8)(B), a regularly kept public record or report is admissible as an exception to the hearsay rule.