IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICARDO M. SUGGS, JR.**,

      Petitioner,

v.                                                   Civil Action No. 5:09cv57
                                                       Criminal Action No. 5:06cr27
                                                       (Judge Stamp)

**UNITED STATES OF AMERICA**,

      Respondent.

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO CAUSE MAGISTRATE JUDGE TO ISSUE
REPORT AND RECOMMENDATION ON 28 U.S.C. § 2255 MOTION**

## I. Procedural History

On May 27, 2009, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On June 2, 2009, the Government was directed to respond. On June 26, 2009, the Government filed a motion requesting an extension of time in which to respond, which was granted by Order entered on June 30, 2009. The Government filed its response on July 14, 2009. The petitioner filed his reply on July 27, 2009. Thereafter, on May 21, 2010, the petitioner filed a motion to cause the Magistrate Judge to issue a Report and Recommendation on his pending § 2255 petition.

## II. Facts

On June 6, 2006, the defendant was charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was released on a personal recognizance bond and the matter was set for trial to begin on July 26, 2006. In the early morning hours of July 21, 2006, one of the government's key witnesses in the case and that witness' mother were shot in their home. Both of them survived and identified the defendant as the individual who shot them. The July 26, 2006 trial was continued and a superceding indictment filed, again charging the

1

defendant with being a felon in possession of a firearm, along with three new counts related to the defendant's tampering with the witness, the shootings and the use of force. On November 2, 2006, the defendant, through counsel, filed a motion to bifurcate Count One of the superceding indictment from the remaining, later-added counts, requesting separate trials to accomplish petitioner's stated goal of not testifying as to Count One while testifying to Counts Two, Three and Four. The motion to bifurcate was granted.

On November 8, 2006, after a two-day jury trial on Count One only, the defendant was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On January 11, 2007, after a three-day jury trial on the three remaining counts, the defendant was found guilty of Count Two, a charge of tampering with a witness - intent to kill, in violation of 18 U.S.C. § 1512(a)(1)(A), and Count Three, tampering with a witness - use of force, in violation of 18 U.S.C. § 1512(a)(2)(A).[1]

On April 16, 2007, the defendant was sentenced to a total term of 324 months imprisonment on all three counts, to be followed by a three-year term of supervised release. Judgment was entered on April 17, 2007. The defendant filed a notice of appeal the next day. On February 19, 2008, the Fourth Circuit Court of Appeals affirmed the defendant's conviction and sentence in an unpublished *per curiam* opinion. Petitioner filed a petition for writ of *certiorari* with the United States Supreme Court which was denied on May 27, 2008. The defendant filed his motion pursuant to 28 U.S.C. § 2255 on May 27, 2009.

### III. Applicable Law

The Fourth Circuit Court of Appeals has held that that undue delay in processing an appeal may rise to the level of a due process violation. *See* U.S. v. Johnson, 732 F.2d 379, 1984 U.S. App. LEXIS

---

[1]The defendant was found not guilty of the remaining Count Four: tampering with a witness - corruptly persuade, in violation of 18 U.S.C. § 1512(b)(1).

23358 (4th Cir. 1984). In Johnson, the defendant was convicted of bank robbery and received a twenty-year sentence. He appealed, contending, *inter alia*, that his conviction should be set aside because there had been an inordinate delay in the preparation of his trial transcript for appeal, a violation of his due process rights.[2]

In determining whether delay in adjudicating a pending § 2255 rises to the level of a due process violation, the Court must consider the following factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right, and (4) prejudice to the defendant. U.S. v. Johnson, 732 F.2d 379, 1984 U.S. App. LEXIS 23358 (4th Cir. 1984), *quoting* Barker v. Wingo, 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972).

In Johnson, *supra* at 382, the Fourth Circuit held that a two-year delay "is in the range of magnitude of delay as a result of which courts have indicated that due process may have been denied." In arriving at its decision in Johnson, the Fourth Circuit looked to the holdings of other jurisdictions regarding delays in post-conviction proceedings where due process violations were alleged: Rheurark v. Shaw, 628 F.2d 297 (5th Cir. 1980), *cert. denied*, 450 U.S. 931, 67 L. Ed. 2d 365, 101 S. Ct. 1392 (1981) (two year delay in preparing transcripts for appeal violates due process); Layne v. Gunter, 559 F.2d 850 (1st Cir. 1977), *cert. denied*, 434 U.S. 1038, 54 L. Ed. 2d 787, 98 S. Ct. 776 (1978) (three-year delay in adjudicating habeas corpus petition, only partially due to long wait for transcripts to be prepared, may have worked a denial of due process cognizable in federal habeas corpus); Smith v. Kansas, 356 F.2d 654 (10th Cir. 1966) (more than one year elapsed from the time a habeas corpus petition was filed and the entry of an appealable order).

The Fourth Circuit has addressed the issue of delay in post-conviction proceedings many times

---

[2]There was an unexplained two-year delay between the time the purchase order for the transcripts was entered and when they were finally produced.

since Johnson.³ In U.S. v. Brown, 292 F. App'x 250, 2008 U.S. App. LEXIS 19404 (4th Cir. 2008), the Fourth Circuit again visited the issue of delay in post-conviction proceedings, when it held that although the two year and nine month delay would have been sufficient to trigger the balancing test set forth in Barker v. Wingo, *supra,* Brown's due process rights were not violated because he failed to show prejudice from the delay.

## IV. Discussion

In this case, petitioner's May 21, 2010 motion to cause the Magistrate Judge to issue a Report and Recommendation in his § 2255 case alleges an "inordinate delay" of "nearly a year" in addressing four ineffective assistance of counsel claims, issues that petitioner contends are "not too complex." Petitioner further states that "[a]s each month passes, the memory of the witnesses may begin to fade, thereby making it more difficult for . . . [petitioner] to receive a fair trial should another one be necessary." Petitioner asserts that since that Magistrate Judge "has been assigned to the federal courts at least since 2005 [] [i]t is fair to assume that . . . [he] is an expert in the resolution of 2255 motions . . . and to dispose of a 2255 motion, one way or the other, should not take nearly a year.[.]"

At the time petitioner filed his May 21, 2010 motion, his § 2255 petition had been pending since

---

³Ward v. Freeman, 1995 U.S. App. LEXIS 2304 (4th Cir. 1995), (per curiam) (appeal of district court's judgment dismissing § 2254 petition for failure to exhaust state remedies; finding that fifteen-year delay in appeal was due to delays by counsel and courts, prisoner was already prejudiced by destruction of court reporter's notes and possibly by loss of evidence and witnesses' memories, and that requiring him to exhaust his state remedies would only have resulted in further prejudicial delay; remanded for consideration of merits of petition); In Re: Floyd Glenn Williams, 1995 U.S. App. LEXIS 35015 (4th Cir. 1995), (per curiam) (petition for writ of mandamus denied; no undue delay found where § 2254 motion had been pending seven and one-half months); In Re: Willie Horton, 1997 U.S. App. LEXIS 197746 (4th Cir. 1997) (per curiam) (petition for writ of mandamus denied; no undue delay in adjudication of § 2255 petition where petitioner's case file was lost in clerk's office for twenty-two months because mandamus was a drastic remedy and petitioner could not sustain his burden of demonstrating no other avenue for relief and that the right to such relief was clear and indisputable, because district court had already reordered counsel appointed and an evidentiary hearing, everything that the Fourth Circuit Court of Appeals could have ordered); In Re: Donald Lee Taylor, 43 F. App'x, 2002 U.S. App. LEXIS 17691 (4th Cir. 2002) (per curiam) (petition for writ of mandamus denied; no undue delay in adjudicating § 2254 petition pending just over six months); In Re. Kenard E. Johnson, 47 F. App'x 656, 2002 U.S. App. LEXIS 20752 (4th Cir. 2002), (per curiam) (petition for writ of mandamus denied; no undue delay in adjudicating § 2241 petition pending just over six months); In Re: James D. Lyons, 47 F. App'x 182, 2003 U.S. App. LEXIS 4274 (4th Cir. 2003) (per curiam) (petition for writ of mandamus denied; no undue delay in adjudicating Bivens action pending for seven months); U.S. v. Chand, 86 F. App'x 674, 2004 U.S. App. LEXIS 2348 (4th Cir. 2004)(while an eighteen-month delay in adjudicating appeal may rise to the level of an 'undue delay,' no prejudice was suffered and thus no relief granted).

4

May 27, 2009, almost one year, but only ready for adjudication since July 27, 2009,[4] a time period of nine months and twenty-four days. This delay is insufficient to trigger the balancing test necessary to determine whether a given delay amounts to a due process violation. *See* U.S. v. Johnson, 732 F.2d 379, 381-82, 1984 U.S. App. LEXIS 23358 (4th Cir. 1984). The Fourth Circuit has held that a two-year delay "is in the range of magnitude of delay as a result of which courts have indicated that due process may have been denied." Johnson at 382. Since petitioner cannot prove the first factor of the test, there is no need to address the next three. Despite that, the Court will note that the petitioner's laying the blame for the delay in the adjudication of his § 2255 petition on the Magistrate Judge's failure to timely address it indicates a misunderstanding of the workload of the court and the "first in/first out" manner in which the many habeas corpus petitions filed there are addressed. Although petitioner's assertion of his habeas corpus rights was timely, he has not demonstrated that he has suffered any prejudice from the approximately ten-month delay in the adjudication of his § 2255 petition, other than to intimate generally that unspecified witnesses' memories may fade over time, making it more difficult for him to get a new trial, should a new trial ever be granted. A review of the record and the testimonial evidence in this case indicates that the witnesses' memories were probably much fresher than petitioner wished at the time of trial, and given the egregious circumstances of the case, those memories are unlikely to fade.

Petitioner has not met the four-part standard set forth in Johnson, *supra,* to prove he has suffered inordinate delay in the adjudication of his § 2255 petition, thus he cannot show that his due process rights been violated.

### V. Conclusion

For the reasons stated above, the defendant's motion to cause the Magistrate Judge to issue a report and recommendation on his petition under 28 U.S.C. § 2255 is **DENIED.**

Should the defendant choose to appeal the judgment of this Court to the Fourth Circuit Court

---

[4] Petitioner filed his reply to the Government's response on that date.

of Appeals, he is **ADVISED** that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue, in accordance with Federal Rule of Appellate Procedure 22 (b)(1). If this Court should deny a certificate, the defendant may request a circuit judge of the Fourth Circuit Court of Appeals to issue such a certificate.

**IT IS SO ORDERED.**

The Clerk is directed to transmit copies of this order to the *pro se* defendant by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record herein.

DATED: July 8, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE