IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICARDO SUGGS, JR.,

    Petitioner,

v.                                         Civil Action No. 5:09CV57
                                                   (Criminal Action No. 5:06CR27)
UNITED STATES OF AMERICA,                            (STAMP)

    Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Facts and Procedural History

On June 6, 2006, the pro se[1] petitioner, Ricardo Suggs, Jr., was indicted by a grand jury for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The petitioner was released on a personal recognizance bond with trial scheduled to begin on July 26, 2006. Before trial, on July 21, 2006, one of the government's witnesses and the witness's mother were shot. Neither shooting victim died and both implicated the petitioner as the gunman. This Court then continued the petitioner's trial and the government filed a superseding indictment, which charged the petitioner with tampering with the witness, the shootings, the use of force, and the original offense of felon in possession of a firearm. This Court granted the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

petitioner's motion to bifurcate Count One of the superseding indictment, felon in possession of a firearm, from the later added counts.  A jury, on November 8, 2006, found the petitioner guilty of being a felon in possession of a firearm after a two-day trial.  Then, on January 11, 2007, after a three-day trial, a jury found the petitioner guilty of Count Two, tampering with a witness -- intent to kill, in violation of 18 U.S.C. § 1512(a)(1)(A) and guilty of Count Three, tampering with a witness -- use of force, in violation of 18 U.S.C. § 1512(a)(2)(A).  The jury found the petitioner not guilty of Count Four, tampering with a witness -- corruptly persuade, in violation of 18 U.S.C. § 1512(b)(1).

On April 16, 2007, this Court sentenced the petitioner to 324 months imprisonment on all three counts to be followed by three years of supervised release.  On April 18, 2007, the petitioner filed a notice of appeal.  On appeal, the petitioner argued that: (1) the evidence was insufficient to convict him on any of the three counts; (2) the district court erred at the trial on Count One when it permitted the introduction of evidence that officers found cocaine and marijuana in Suggs' car and evidence that Suggs shot the witness and the witness's mother; and (3) the district court erred at the second trial when it permitted the introduction of certain crime scene photographs and a 911 recording.

The judgment of this Court was affirmed by the United States Court of Appeals for the Fourth Circuit in an unpublished per

curiam opinion on February 20, 2008. The petitioner filed a writ of certiorari with the United States Supreme Court, which was denied on May 27, 2008.

The petitioner then filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody. The government filed a response to the petition, to which the petitioner replied.

The matter was referred to United States Magistrate Judge David J. Joel for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. Magistrate Judge Joel issued a report and recommendation recommending that the petitioner's § 2255 application be denied and dismissed with prejudice. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within fourteen (14) days after being served with copies of the report. The petitioner filed objections to the report and recommendation. For the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a

magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  Because the petitioner filed timely objections, this Court reviews de novo the magistrate judge's report and recommendation.

III. Discussion

In his § 2255 petition, the petitioner contends that he received ineffective assistance of counsel because trial counsel: (1) failed to advise him to plead guilty to Count One, the felon in possession of a firearm charge; (2) failed to use the stipulation petitioner entered into with the government, regarding his intent to plead guilty to Count One during his second trial; and (3) failed to correctly advise the petitioner of his proposed Count Two guilty plea sentencing structure.  The petitioner also alleges his appellate counsel was ineffective for failing to raise the issue of the constructive amendment on Count Three on appeal.

In his report and recommendation, the magistrate judge found that the petitioner's claims of ineffective assistance of counsel were without merit.  The petitioner objected to each finding.

This Court finds that the petitioner has failed to satisfy the two-pronged analysis provided by Strickland v. Washington, 466 U.S. 668 (1984), to establish a right to an amended sentence or new trial based upon ineffective assistance of counsel.  Id. at 687 (providing that defendant must first show counsel's performance

4

fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance). This Court will address each of the petitioner's arguments regarding ineffective assistance of counsel in turn.

1. <u>Failure to Advise the Petitioner to Plead Guilty to Count One</u>

The petitioner believes that his counsel was ineffective for failing to advise him to plead guilty to Count One once it was severed from the later added counts. In his petition, the petitioner argues that he had decided to plead guilty to Count One before the government filed the superseding indictment and that his mistaken identity defenses at the second trial would have been more credible had he pled guilty to the original Count One as the government elicited on cross-examination at the second trial that the defendant had never in fact pled guilty to Count One. This Court agrees with the magistrate judge that this claim is without merit.

The magistrate judge found that the record indicated that the petitioner never had any intention to plead guilty to Count One. At his second trial, the petitioner stated that the day before the shootings, he told his counsel he would plead guilty because his counsel told him "it was the best thing to do." When cross-examined by the government, the petitioner stated that he had no motive to shoot the witness because the petitioner had already agreed to plead guilty to Count One. The witness was the only

person who could testify that he had seen the petitioner with the gun. The petitioner argued that there would be no trial, thus there was no need for him to shoot the witness. When asked at his second trial why he did not take a plea, the petitioner stated, "because your witnesses didn't give any statements. You need to give me something on paper." The magistrate judge found that the petitioner admitted under oath that the actual reason for his failure to plead to Count One was because the petitioner believed the government had not produced any written statements from the witnesses. The magistrate judge stated that the petitioner failed to appreciate that he could still be convicted of constructive possession even if the witness was unavailable to testify as to the petitioner's actual possession. Thus, the petitioner declared he was going to plead guilty, but never actually did so plead. A jury concluded that instead, the petitioner shot the witness, believing that the government's case would not hold up without the witness's testimony. The magistrate judge stated that the petitioner had every opportunity to plead guilty to Count One, but did not do so. The magistrate judge also stated that it is "implausible to assume" that the trial counsel would advise the petitioner not to plead guilty after the shootings given that counsel advised the petitioner to plead guilty before the shootings. The magistrate judge cited to letters from counsel stating that the petitioner

should plead guilty because the evidence against him was so overwhelming.

The petitioner, in his objections, states that the stipulation he entered into with the government stating that he had intended to plead guilty to Count One before the shootings proves that intention. He also disagrees with the magistrate judge's conclusion that it is implausible to assume that trial counsel would fail to advise the petitioner to plead guilty to Count One after the shootings.

This Court affirms the magistrate judge and overrules the petitioner's objections. This Court agrees with the magistrate judge that it is clear that despite any intentions to plead guilty to Count One, the petitioner ultimately chose not to enter into a plea agreement. Instead, the petitioner shot the sole witness that could show the petitioner was in actual possession of a firearm. This Court also agrees with the magistrate judge as to trial counsel's recommendation. In the letter the petitioner attached to his position, trial counsel clearly states his belief that the petitioner would be convicted of all the counts in the superseding indictment, including Count One. This Court agrees with the magistrate judge that this claim is without merit and that the petitioner fails to demonstrate that neither counsel's performance fell below an objective standard of reasonableness nor that the

7

petitioner was prejudiced by anything that his counsel failed to do.

> 2. <u>Failure to Use the Stipulation the Petitioner Entered into with the Government Regarding His Intent to Plead Guilty to Count One</u>

On November 2, 2006, the petitioner and the United States entered into a stipulation that on the afternoon of July 20, 2006, the petitioner had indicated to his counsel that he would plead guilty to Count One. The petitioner contends that it was prejudicial error for his attorney not to use this stipulation at the second trial.

In his report and recommendation, the magistrate judge points out that the petitioner twice states in his petition that he pled guilty to Count One. The magistrate judge also found that the decision not to introduce the stipulation at trial was a strategic decision by the petitioner's counsel.

The petitioner, in his objections, states that his petition could have been phrased more accurately. He states that he did not mean to state that he actually pled guilty, but that if he had pled guilty to Count One, he would have been in a better position to establish his defenses for the second trial. The petitioner also objects to the finding that counsel made a strategic decision not to use the stipulation.

A court's scrutiny of an attorney's performance "must be highly deferential." <u>Strickland</u>, 466 U.S. at 689. The magistrate

8

judge correctly notes that there is a "strong presumption" that an attorney's conduct "falls within the wide range of reasonably professional assistance." Id. The parties drafted the stipulation at issue to avoid the petitioner's counsel being called as a witness to testify about the petitioner's prior intention to plead guilty to Count One. This Court agrees with the magistrate judge that trial counsel's decision not to utilize the stipulation was a strategic decision. As the magistrate judge states, the stipulation may have diminished the petitioner's credibility to the jury, as the government discussed this very contradiction at trial. The trial attorney had the authority to make strategic decisions throughout the trial on the petitioner's behalf. The petitioner continues to argue that the stipulation undermined the government's ability to prove that he was attempting to interfere with the July trial. However, as the magistrate judge states in his report and recommendation, the petitioner could have entered a guilty plea at any time. Before the petitioner entered into the plea agreement, he shot the government's witness. This Court finds that trial counsel made a strategic decision not to introduce the stipulation at the second trial and that this ground for ineffective assistance of counsel has no merit.

3. <u>Failure to Correctly Advise the Petitioner of His Proposed Count Two Guilty Plea Sentencing Structure</u>

The petitioner's third ground for ineffective assistance of counsel is counsel's alleged failure to correctly advise the

petitioner regarding his proposed guilty plea sentencing exposure. The petitioner argues that counsel should have advised him that the sentencing range would be 168 to 210 months rather than 235 to 293 months.

The report and recommendation found that any error in calculating a sentencing estimate by the petitioner's counsel was not ineffective assistance of counsel. The magistrate judge also states that the petitioner was unwilling to plead to any of the counts of the superseding indictment. The petitioner objects to these findings.

This Court agrees with the magistrate judge that any error in calculation by the petitioner's counsel is not ineffective assistance of counsel. A "miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." Hughes v. United States, 2007 WL 841940, *4 (W.D.N.C. March 19, 2007) (quoting United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993)). The magistrate judge also pointed to the letters the petitioner attached showing that counsel stated that his sentencing estimations were estimations, not an exact prediction. The magistrate judge also cited to trial testimony of a witness, which shows that the petitioner was unwilling to serve any prison time. Thus, this Court agrees with the magistrate judge

that "it defies logic" to assume that the petitioner ever intended to accept an offer to plead guilty to Count Two.

This Court also agrees with the magistrate judge that the alleged disparity between the estimate of trial counsel and the sentence imposed is not a result of deficient performance by trial counsel. The petitioner took the stand at trial and denied testimony and his involvement in the assault and shootings, claiming the defense of mistaken identity. The jury simply did not believe the petitioner. This Court agrees with the magistrate judge that relief here should be denied because this claim lacks merit and the petitioner has failed to meet his burden.

   4.   <u>Failure to Raise the Issue of the Constructive Amendment on Appeal</u>

Lastly, the petitioner contends that his appellate counsel was ineffective because he did not raise on appeal the constructive amendment of Count Three. At trial, the court erroneously included the word "intimidated" in the jury instruction when it was not part of the wording of the statute defining the offense.

The standard of effective assistance of appellate counsel is the same as for trial counsel. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) ("In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness in light of the prevailing norms, and (2) that there

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") (internal quotations omitted). On review, appellate counsel is accorded the "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993).

The jury was instructed on Count Three, tampering with a witness -- use of force, that the government had to prove that the petitioner knowingly intimidated or used physical force against the person identified in the indictment as a witness. This instruction varied from the language of the indictment, which charged the petitioner only with the use of physical force. Count Three of the indictment did not contain the word "intimidated." Neither counsel for the petitioner nor counsel for the government objected to the instruction at trial.

A constructive amendment occurs where the government or the court or both "broadens the possible bases for conviction beyond those presented by the grand jury." United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994). The Fourth Circuit has stressed that "it is the broadening itself that is important -- nothing more." Id. at 711. A constructive amendment of the indictment "constitutes error per se." Id. The failure of a defendant to challenge the issue at the district court level renders review for plain error. United States v. King, 239 F. App'x. 852, 856 (4th

Cir. 2007) (citing United States v. Olano, 507 U.S. 725, 735 (1993)). To reverse for plain error, a court must: "(1) identify an error, (2) which is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Brewer, 1 F.3d 1430, 1434-35 (4th Cir. 1993) (internal citations omitted).

The magistrate judge found that the error in the jury instructions did not rise to the level of a constructive amendment. This Court disagrees. There was a constructive amendment of the indictment here, where the jury instructions stated that the petitioner could be found guilty if he intimidated or used physical force against the witness. United States v. Murphy, 406 F.3d 857, 860 (7th Cir. 2005). The petitioner was charged with violating § 1512(a)(2)(A), which criminalizes "physical force or the threat of physical force." Intimidation is criminalized in a separate offense. 18 U.S.C. § 1512(b)(1). Accordingly, the petitioner has demonstrated the first three prongs of the plain error test.

The petitioner cannot prevail under the fourth prong, "whether the error occasioned by the constructive amendment seriously affected the fairness, integrity or public reputation of judicial proceedings." Floresca, 38 F.3d at 713. This Court notes that, in analyzing this prong, it must not, and does not, inject a prejudice component. Id. The focus instead is on the nature of the error itself. Id.

13

While this Court believes that "convicting a defendant of an unindicted crime affects the fairness, integrity, and public reputation of federal judicial proceedings in a manner most serious," that is not the case here. Id. at 714. In this case, despite the jury instruction's erroneous inclusion of the word "intimidated," the charge from the indictment was correctly stated, the evidence presented at trial showed violent force with resultant injuries, and the government's closing argument correctly stated the charge and summarized all of the evidence presented, without including the erroneous "intimidated" language. To argue that the jury may not have believed the victim witness and the victim witness's mother's testimony that the petitioner shot them, but did believe that the petitioner intimidated them "is mere conjecture of the highest order." Murphy, 406 F.3d at 861. The witness and the witness's mother testified that the petitioner shot them and "that claim was corroborated by [their] medical records." Id.

It is appellate counsel's job to winnow out weaker arguments in favor of stronger arguments, and as this argument is completely lacking in merit because the petitioner cannot meet the fourth prong of the plain error test, counsel's decision not to choose it as an issue for appeal was appropriate. See Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989). Because the petitioner has failed to overcome the presumption of effective assistance of appellate counsel, this claims must be denied.

14

IV. Conclusion

For the reasons stated above, after a de novo review, this Court hereby OVERRULES the petitioner's objections and AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, it is ORDERED that the petitioner's § 2255 petition be DENIED and DISMISSED WITH PREJUDICE. It is also further ORDERED this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the

petitioner has not made the requisite showing.  Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    March 30, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE